## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRA ALSTON, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:22-cv-1434 (VAB) |
| | : | |
| ANGEL QUIROS, et al., | : | |
| Respondents. | : | |

## RULING AND ORDER

Ira Alston ("Petitioner"), incarcerated at Corrigan Correctional Center, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for manslaughter with a firearm and carrying a pistol without a permit. The Respondents have filed a response and motion to dismiss the petition for failure to exhaust state court remedies.

For the following reasons, the motion to dismiss is **GRANTED,** and the petition is **DISMISSED** without prejudice to refiling following the exhaustion of all state court remedies.

### I.    STANDARD OF REVIEW

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1); *see also Shinn v. Ramirez*, ___ U.S. ___, 142 S. Ct. 1718, 1727 (2022) ("A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures.").

The petitioner must present the essential factual and legal bases for any federal claims to each appropriate state court, including the highest state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its

prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal

quotation marks and citation omitted). "The exhaustion requirement is designed to avoid the

'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according

the state courts an 'opportunity to ... correct a constitutional violation.'" *Davila v. Davis*, 582

U.S. 521,  527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Failure to exhaust state remedies may be excused only if "there is no opportunity to

obtain redress in state court or if the corrective process is so clearly deficient to render futile any

effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. §

2254(b)(1)(B). A petitioner may not, however, simply wait until appellate remedies are no longer

available and then argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 72-74

(2d Cir. 2005).

To properly exhaust his claim, the petitioner must present the factual and legal bases of

the claim to the state court. *See Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d

Cir. 1982) ("Specifically, [the petitioner] must have set forth in state court all of the essential

factual allegations asserted in his federal petition; if material factual allegations were omitted, the

state court has not had a fair opportunity to rule on the claim.") (citations omitted); *see also*

*Caballero v. Keane*, 42 F.3d 738, 740-41 (2d Cir. 1994) ("[T]o reach the merits of [an ineffective

representation claim], all of [the] allegations must have been presented to the state courts,

allowing them the 'opportunity to consider all the circumstances and cumulative effect of the

claims as a whole.'") (citations omitted).

## II.    DISCUSSION

The Respondents have moved to dismiss the petition for failure to exhaust the state court

remedies on any claim for relief asserted in this petition.  Mr. Alston asserts eleven grounds for

relief in his petition. ECF No. 1 at 21-46. This petition, however, is identical to Mr. Alston's

Third Amended Petition filed in his state habeas action, *Alston v. Warden*, Case No. CV13-

4005708-S.  *See* Resp'ts' Mem., Ex. W, ECF No. 19-25.  That case is ongoing with a trial

scheduled for October 2023.  *See*

www.civilinquiry.judct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV134005708S

(last visited September 29, 2023). In addition, Mr. Alston concedes in this petition that he has not

presented each ground for relief to the state appellate courts.  *See, e.g.*, ECF No. 1 ¶ 18(b)(6)

(indicating that first ground for relief was raised in second state habeas action which is still

pending).

As Mr. Alston has not exhausted his state court remedies with regard to any claim

asserted in his petition, the respondents' motion to dismiss will be granted and this case will be

dismissed. Mr. Alston may refile his petition in federal court only after he has exhausted his state

court remedies by pursuing all grounds for relief at each level of the state courts.

### III.    CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED,** and the petition is

**DISMISSED** without prejudice to refiling following the exhaustion of all state court

remedies.

The Court concludes that jurists of reason would not find it debatable that Mr. Alston

failed to exhaust his state court remedies on all grounds asserted in this Petition.  Thus, a

certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(holding that when a district court denies a habeas petition on procedural grounds, a certificate of

appealability should issue if jurists of reason would find debatable the correctness of the district

court's decision).

**SO ORDERED** at New Haven, Connecticut, this 3rd day of October, 2023.


         _/s/ Victor A. Bolden _____

         Victor A. Bolden

         United States District Judge